FILED
SUPERIOR COURT
OF GUAM

2021 JAN 29 PM 1:51

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| **PEOPLE OF GUAM,**<br><br>vs.<br><br>**BUNDY PAUL BILLYOS,**<br>DOB: 07/03/1972<br><br>Defendant. | **CRIMINAL CASE NO. CM0098-20**<br>GPD Report No. 19-32101 & 20-05977<br><br>**CRIMINAL CASE NO. CM0198-20**<br>GPD Report No. 20-13518<br><br>**CRIMINAL CASE NO. CF0152-20**<br>GPD Report No. 20-06608<br><br>**FINDINGS RE MENTAL CAPACITY<br>AND DECISION AND ORDER<br>TO TRANSFER TO MENTAL<br>HEALTH COURT** |

This matter came before the Honorable Dana A. Gutierrez on January 13, 2021 for a Competency Hearing in CM0098-20, CM0198-20, and CF0152-20.[1] Present via zoom were Defendant Bundy Paul Billyos ("Defendant"); Alternate Public Defender Brycen Breazeale representing Defendant; and Assistant Attorney General Richelle Canto representing the People of Guam. After hearing from the parties and in consideration of the evidence presented, the Court now issues this Decision and Order to transfer Defendant's above-captioned cases to Mental Health Court.

## BACKGROUND

In CM0098-20, Defendant was released with conditions on February 27, 2020. Defendant pled not guilty at his Arraignment Hearing on August 20, 2020. However, at a Status

---

[1] On January 11, 2021, in the interest of judicial efficiency, CF0152-20 was reassigned from the Honorable Maria T. Cenzon to this Court's docket.

Hearing on November 4, 2020, Defendant put his mental state at issue pursuant to 9 GCA § 7.40. Accordingly, the Court issued an Order for Forensic Evaluation in CM0098-20 on November 9, 2020 pursuant to 9 GCA §§ 7.25 and 7.40.

In CF0152-20, Defendant was released with conditions on May 22, 2020. Defendant pled not guilty by reason of mental illness at his Arraignment Hearing on October 14, 2020. Accordingly, the Court issued an Order for Forensic Evaluation in CF0152-20 that same day pursuant to 9 GCA §§ 7.22 and 7.25.

In CM0198-20, Defendant was committed to the Department of Corrections on May 26, 2020. The Commitment Order issued stated: "The Department of Corrections ["DOC"] shall transport the Defendant to Guam Behavioral Health & Wellness Center ["GBHWC"] for assessment and treatment, if necessary." Defendant pled not guilty by reason of mental illness[2] at his Arraignment Hearing on July 16, 2020. Accordingly, the Court issued an Order for Forensic Evaluation in CM0198-20 that same day pursuant to 9 GCA §§ 7.22 and 7.25. At a November 4, 2020 Status Hearing, based on information provided in the Forensic Evaluation for CM0198-20, the discussion of the parties at the hearing, and the Court's observations of Defendant during prior hearings, the Court ordered that Defendant be transferred and transported from DOC to the custody of GBHWC.[3]

Defendant filed a Motion to Consolidate Cases CM0098-20, CM0198-20, and CF0152-20 for Purposes of Trial ("Motion to Consolidate") on December 24, 2020. The People filed an Opposition to the Motion to Consolidate ("Opposition") on January 6, 2021. Before the Court set a hearing on the Motion to Consolidate, at a Further Proceedings hearing on January

---

[2] The Court notes that the Minute Entry from July 16, 2020 indicates "Guilty by Reason of Mental Illness"; however, upon review of the recording, the Defendant pled "Not Guilty by Reason of Mental Illness."
[3] The Order Transferring and Transporting Defendant from DOC to Custody of GBHWC was filed on November 9, 2020.

8, 2021, both parties requested that the Court hold a Competency Hearing regarding all three cases.

## FINDINGS REGARDING DEFENDANT'S MENTAL CAPACITY

Pursuant to Administrative Rule 16-002, "[a]ll cases in which the defendant has been deemed unable to be proceeded against due to their mental state as determined by the assigned judge pursuant to Title 9 GCA § 7.22 . . . shall be reassigned to Mental Health Court for all subsequent proceedings." Administrative Rule 16-002. Under Title 9 GCA § 7.22(a), "[m]ental illness, disease or defect, precluding responsibility, is an affirmative defense which the defendant must prove by a preponderance of the evidence." Furthermore, "[a] person is not criminally responsible for conduct if at the time of such conduct, as a result of mental illness, disease or defect, he lacked **substantial capacity** to know or understand what he was doing, or to know or understand that his conduct was wrongful, or to control his actions." 9 GCA § 7.16 (emphasis added).

On September 29, 2020, Dr. Juan M. Rapadas filed his Forensic Evaluation of Defendant in CM0198-20 ("September Evaluation"). Forensic Eval. (Sept. 29, 2020). In the September Evaluation, Dr. Rapadas found Defendant to be currently competent to be proceeded against and did not lack substantial capacity to understand and control his actions. *Id.* at 6-7. However, Dr. Rapadas concluded that Defendant "did have a diminished capacity that may have impaired and somewhat compromised his judgment and accountability, and may have caused some impulsive behaviors and a 'rationality impairment.'" *Id.* at 7.

On December 17, 2020, Dr. Rapadas filed his Forensic Evaluation of Defendant in CM0098-20 and CF0152-20 ("December Evaluation"). Forensic Eval. (Dec. 17, 2020). In his December Evaluation, Dr. Rapadas recognized that the September Evaluation found Defendant as not lacking substantial capacity; however, Dr. Rapadas stated that "after more further record

review and further interviewing time with Mr. Billyos, it is my **current opinion that [Defendant] did lack substantial capacity** to know and understand his conduct was wrongful and to control his actions because of his chronic mental illness and constant noncompliance of his treatment." *Id.* at 7.

At the Competency Hearing, Dr. Rapadas addressed his findings in the September and December Evaluations. Min. Entry, at 10:37:00-10:39:00 AM (Jan. 13, 2021). Dr. Rapadas confirmed his findings in the December Evaluation that Defendant lacked substantial capacity in CM0098-20 and CF0152-20. *Id.* at 10:29:00-10:31:00 AM. Furthermore, with regard to his findings in CM0198-20, Dr. Rapada testified that "knowing what [he] know[s] now," he believes Defendant lacked **substantial capacity** during the underlying incident in CM0198-20 which was the incident at issue for the September Evaluation. *Id.* at 10:37:00-10:39:00 AM. Thus, Dr. Rapadas changed his opinion as to the findings in the September Evaluation, and clarified that it is his opinion that Defendant lacked substantial capacity to know and understand his conduct was wrongful and to control his actions in CM0198-20. *Id.*

After hearing the testimony of Dr. Rapadas, the People and Defendant stipulated on the record to the findings of Dr. Rapadas. Min. Entry, at 10:59:00 AM (Jan. 13, 2021). Both parties agree that as to all three cases, Defendant lacked substantial capacity to know and understand his conduct was wrongful and to control his actions, and therefore all three cases should be transferred to the Mental Health Court. *Id.*

Therefore, based on a review of the forensic evaluation in CM0098-20 and CF0152-20, the testimony of Dr. Rapadas as to Defendant's mental capacity in all three cases, the stipulation of both parties, and finding good cause therein, the Court deems it unable to proceed against Defendant due to Defendant's mental state and lack of substantial capacity to know or understand what he was doing, or to know or understand that his conduct was wrongful, or to

control his actions at the time of his conduct in the above-captioned cases. 9 GCA § 7.16. Such transfer shall be to the benefit of Defendant and will avail Defendant the necessary resources provided by the therapeutic court. Therefore, the Court **ADOPTS** the findings of Dr. Rapadas, and finds, based on the evaluation and the Court's own observations, that a transfer to Mental Health Court is appropriate to adjudicate to final disposition, as well as outline any treatment plan deemed appropriate for Defendant. Accordingly, the Court hereby **ORDERS** the above-captioned cases be transferred to Mental Health Court.

The next hearing for these cases shall be before the Mental Health Court Judge on **February 23, 2021 at 2:30 p.m.**

**SO ORDERED** this 29th day of January, 2021.

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**